**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
JAVIER TAVARES,                     :
                                    :  Civil Action No. 09-6042 (RBK)
            Petitioner,             :
                                    :
      v.                            :       O P I N I O N
                                    :
UNITED STATES OF AMERICA,           :
                                    :
            Respondent.             :
_____:

**APPEARANCES:**

Javier Tavares, Pro Se
# 73831-053
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320

**KUGLER, District Judge**

　　Petitioner Javier Tavares, who is presently confined at the Federal Correctional Institution at Fairton, New Jersey, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 and application to proceed in forma pauperis. For the following reasons, the petition must be dismissed.

## BACKGROUND

　　Petitioner is currently serving a federal sentence, imposed by the United States District Court, Eastern District of New York, for drug offenses. He was sentenced to serve 120 months imprisonment.

According to Petitioner's petition and documents attached thereto, in 2002, Petitioner was sentenced in New York state court under the "Rockefeller Drug Law Reform Act." Instead of a jail term, Petitioner received a sentence to a drug treatment program. However, Petitioner failed to complete the program and absconded for the next two years. Petitioner was later arrested and charged with conspiracy. It appears that State of New York lodged a detainer against Petitioner in the form of a warrant with the Bureau of Prisons ("BOP"), that, in Petitioner's opinion, is preventing him from adequate rehabilitative programs during his current incarceration. Further, Petitioner notes that the Rockefeller Act under which he was sentenced has been abolished under New York state law. Since Petitioner has not been prosecuted on his New York charges, it appears that he also asserts that the delay in prosecution violates his rights under the Interstate Agreement on Detainers ("IAD") and his right to speedy trial.

Moreover, it appears that Petitioner's challenges are unexhausted within the BOP, and no statement made in the petition suggests that Petitioner's speedy trial challenges were exhausted with the state courts of appropriate jurisdiction.

**DISCUSSION**

**A.    Jurisdiction**

Section 2241 provides in relevant part:

(c) The writ of habeas corpus shall not extend to a prisoner unless-
        ....

(3) He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

To invoke habeas corpus review under § 2241, the petitioner must satisfy two jurisdictional requirements: the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

A district court has jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a pretrial petition for habeas corpus brought by a person challenging a detainer lodged pursuant to an untried state indictment. See Maleng, 490 U.S. at 490; Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Mokone v. Fenton, 710 F.2d 998, 999 (3d Cir. 1983); Moore v. DeYoung, 515 F.2d 437, 442, 443 (3d Cir. 1975); Triano v. Superior Court of New Jersey, Law Div., 393 F. Supp. 1061, 1065

(D.N.J. 1975), aff'd 523 F.2d 1052 (3d Cir. 1975) (table). Moreover, as the Interstate Agreement on Detainers Act ("IADA") is a congressionally sanctioned interstate compact within Art. I, § 10, of the United States Constitution, the petition presents a federal claim within the meaning of 28 U.S.C. § 2241.[1]  See Carchman v. Nash, 473 U.S. 716, 719 (1985); Cuyler v. Adams, 449 U.S. 433, 438-42 (1981); Casper v. Ryan, 822 F.2d 1283, 1288 (3d Cir. 1987), cert. denied, 484 U.S. 1012 (1988).  Although this Court has jurisdiction over the Petition, it is clear that habeas relief is not warranted.

**B.     Petitioner's Claims Must Be Dismissed.**

Petitioner asks this Court to order that the detainer/warrant issued by New York state be removed.  Without considering whether Petitioner has administratively exhausted this issue under the Bureau of Prisons' ("BOP") three-step Administrative Remedy Program, this Court finds that Petitioner is not entitled to such relief. The BOP's Program Statement 5800.15 provides:

> If an inmate says that his or her rights have been violated under the IAD, the inmate will be advised to contact the state authorities or his or her attorney.
>
> The Bureau does not decide the validity of the detainer or violation of any IAD provision.

---

[1]    The IADA has been adopted by the State of New Jersey. See N.J. Stat. Ann. § 2A:159A-1, et seq. ; Carchman, 473 U.S. at 719.

> All detainers will remain in full force and effect, unless and until the charges from the "receiving" state are dismissed and/or the receiving state authorizes, in writing, the removal of the detainer.

<u>Inmate Systems Management Manual</u>, Program Statement 5800.15, Ch. 6 § 612.

> In addition, § 610(i) provides:
>
> If the inmate has not been brought to trial within 180 days from the date prosecuting officials received the IAD packet, CSD staff will correspond with the prosecutor ... calling attention to the lapse of the 180-day period.
> Only the state may authorize the removal of its detainer.
>
> The inmate must address any request regarding a possible violation of the IADA to the appropriate state court.

<u>Id.</u> at Ch. 6 § 610(i).

As federal law does not authorize the BOP to dismiss or disregard the pretrial New York detainer, Petitioner is not entitled to an order directing the BOP, or the Warden, to dismiss the detainer.

Furthermore, although Petitioner does not name the Attorney General for the State of New York as a respondent in this matter, his Petition is laden with allegations seemingly aimed against the State. In light of the foregoing, the Court would construe the petition as making IAD allegations against the State's Attorney General.

The purpose of the IAD is "to encourage the expeditious and orderly disposition of [outstanding criminal] charges and

determination of the proper status of any and all detainers based on untried indictments, informations or complaints." 18 U.S.C. app. 2, Art. I. "The word 'detainer,' as it is used in the Agreement, is a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction." Esola v. Groomes, 520 F.2d 830, 838 (3d Cir. 1975) (citation and internal quotation marks omitted). To achieve that end, Article III(a) requires that a defendant must be tried on outstanding criminal charges within 180 days after authorities in that state receive his request for final disposition. See 18 U.S.C.A. App. § 2 Art. III(a), (b) and (c).

    Article IV of the IAD requires dismissal of the charges in the event that an action is not brought to trial within 180 days of the prosecutor and court's receipt of the request for final disposition. See 18 U.S.C.A. App. § 2 Art. IV(c); Fex v. Michigan, 507 U.S. 43, 51 (1993) (prosecuting State's receipt of the request for final disposition starts the 180-day period); United States v. Dent, 149 F.3d 180, 187 (3d Cir. 1998) (inmate's IAD request must "contain sufficient information to alert the government that Article III has been invoked"). Specifically, Article IV provides that,

> in the event that an action on the indictment, information, or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in article III ..., the appropriate

6

>     court of the jurisdiction where the indictment,
>     information, or complaint has been pending shall enter
>     an order dismissing the same with prejudice, and any
>     detainer based thereon shall cease to be of any force
>     or effect.

18 U.S.C.A. App. § 2 Art. IV(c).

The United States Court of Appeals for the Third Circuit has observed that "only the courts of the indicting state can enter an order that would effectively void the criminal charge" based on a violation of the IAD. See Mokone v. Fenton, 710 F.2d 998, 1003 (3d Cir. 1983). In addition, the Court of Appeals has "held that a habeas petitioner seeking a speedy trial in another state, or seeking to bar prosecution of a charge upon which an out-of-state detainer is based, must exhaust the remedies of the state where the charge is pending." Id. at 1002.

For example, in Moore v. De Young, 515 F.2d 437 (3d Cir. 1975), a pre-trial detainee filed a habeas petition in this Court asserting denial of the right to a speedy trial and seeking discharge from custody and an injunction against state criminal proceedings. While the district court granted the petitioner pre-trial habeas relief, the Court of Appeals for the Third Circuit reversed on the grounds that the petitioner had not exhausted the merits of his speedy trial claim before the state courts. See Moore, 515 F.2d at 447. Detailing the exhaustion requirement aspect, the Court of Appeals found:

>     Moore did not exhaust his state court remedies prior to
>     application for federal habeas corpus relief. This

> issue is still available to Moore as an affirmative defense at trial and thereafter, on appellate review. Indeed, the trial court expressly recognized that additional evidence as to prejudice on the issue of delay could be adduced at trial.

Id. at 445.

Moreover, the Court of Appeals expressly rejected the petitioner's argument that the constitutional right to a speedy trial is an extraordinary circumstance which bars not only a conviction for the underlying offense but a trial for that offense. As the Court of Appeals explained:

> From the premise that he has a right not to stand trial, Moore proceeds to the conclusion that, to avoid the threatening state trial, there must be some pre-trial forum ... available to test the merits of his constitutional claim. Otherwise, he argues, he would be required to undergo the rigors of trial to vindicate his claim that the state court can no longer bring him to trial .... We are not prepared to hold that ... the alleged denial of Moore's right to a speedy trial, constitutes such "extraordinary circumstances" as to require federal intervention prior to exhaustion of state court remedies. We perceive nothing in the nature of the speedy trial right to qualify it as a per se "extraordinary circumstance." We know of no authority ... that excepts or singles out the constitutional issue of speedy trial as an extraordinary circumstance sufficient to dispense with the exhaustion requirement.

Id. at 446 (citation and internal quotation marks omitted).

The Court of Appeals accordingly reversed the order granting pretrial habeas relief to Moore. "Moore having failed to exhaust his state remedies on the merits and having failed to present an 'extraordinary circumstance' which would warrant pre-trial, pre-exhaustion habeas corpus relief, we conclude that the

8

district court erred as a matter of law in granting Moore's petition." Id. at 447 (footnote omitted); see also United States v. MacDonald, 435 U.S. 850, 861 (1978) (observing that the Speedy Trial Clause "does not, either on its face or according to the decisions of this Court, encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all").[2]  It follows that, to the extent Petitioner seeks dismissal of New York charges, pretrial habeas relief is premature because Petitioner has not presented this affirmative defense to the New York courts.  As the Court of Appeals explained, "Petitioner ... will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts.  Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented.  These procedures amply serve to protect [Petitioner]'s

---

[2] Other courts of appeals have similarly dismissed pretrial IAD habeas challenges to a detainer on the ground that "Petitioner merely seeks to litigate a federal defense to a criminal charge prematurely in federal court." Knox v. State of Wyoming, 959 F.2d 866, 868 (10th Cir. 1992) (dismissing federal prisoner's 2241 petition challenging Wyoming detainer under IAD where petitioner has yet to be sentenced and appeal his IAD claims); see also Kerns v. Turner, 837 F.2d 336 (8th Cir. 1988) (dismissing § 2241 petition filed by federal prisoner awaiting sentencing on Missouri charge who challenged future state imprisonment as violation of IAD).

constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes." Moore, 515 F.2d at 449; see also United States v. Castor, 937 F.2d 293, 296-297 (7th Cir. 1991); Dickerson v. State of Louisiana, 816 F.2d 220, 225-227 (5th Cir. 1987); Atkins v. State of Michigan, 644 F.2d 543, 545-547 (6th Cir. 1981); Carden v. State of Montana, 626 F.2d 82 (9th Cir. 1980).

In sum, because Petitioner failed to exhaust his IAD claim before the New York courts, this Court will dismiss his implied § 2241 claims against the Attorney General for the State of New York, without prejudice to bringing these claims in a petition filed under 28 U.S.C. § 2254, after Petitioner's due exhaustion of his state court remedies.

## CONCLUSION

For the reasons set forth in this opinion, Petitioner's claims lack merit, and the petition will be dismissed. An appropriate order accompanies this opinion.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: April 22, 2010